**Andel VASILIA, Petitioner,**

v.

**Peter D. KEISLER,[1] Attorney General of the United States, Respondent.**

No. 07–0696–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

Sokol Braha, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation; Song E. Park, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Peter D. Keisler has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Andel Vasilia, a native and citizen of Albania, seeks review of a February 12, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Andel Vasilia,* No. A 78 203 605 (B.I.A. Feb. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Vasilia is challenging the denial of relief in "asylum-only" proceedings, this Court nonetheless has jurisdiction to review the denial of his motion to reopen under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir. 2006).

When the BIA denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Vasilia's motion, which was both untimely and numerically barred. The BIA dismissed Vasilia's appeal in March 2003, and Vasilia did not file the present motion to reopen until December 2006, well beyond the ninety day deadline. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Moreover, this is Vasilia's second motion to reopen, the first having been filed in April 2004.

Vasilia could overcome these time and numerical limitations only if he submitted evidence that conditions in Albania had worsened to such an extent that further proceedings were warranted. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA reasonably concluded that Vasilia failed to submit evidence establishing such changed country conditions. None of the articles supporting Vasilia's motion to reopen suggested that the conditions in Albania had deteriorated since his hearing before the IJ or that he would be more likely to suffer persecution as a result.

Vasilia's argument that the BIA did not conduct a sufficiently thorough analysis of the evidence he submitted is meritless. While the BIA has an obligation to address all evidence relevant to a petitioner's claim, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotations and citations omitted). The BIA must consider the relevant evidence, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.* That portion of the BIA's decision that addresses changed country conditions makes sufficiently clear that the BIA considered all the relevant evidence and concluded that it did not justify the reopening of Vasilia's proceedings.

Finally, Vasilia does not explicitly challenge the BIA's refusal to reopen his proceedings *sua sponte.* However, even if Vasilia did intend to make such a challenge, this Court lacks jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority to reopen. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).